IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Edward Clark, ) | C/A No.: 1:11-2474-GRA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Mr. Myers, Head Director of Alvin ) | |
| Glenn Det. Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the Alvin S. Glenn Detention Center. He brought this action, which is construed as brought pursuant to 28 U.S.C. § 1983, against Myers, the director of the detention center. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that on July 25, 2011, he slipped and fell in water that had been allowed to continue running all night from a broken pipe or faucet at the detention center. Compl. at 3–4 [Entry #1]. He alleges that the detention center employee on duty that night knew that water was still running and going into detainees' cells, but that he did nothing to correct the problem and did not warn detainees about the flooded condition the

next morning. *Id*. Plaintiff names Myers as the sole defendant and requests compensation for his injury. *Id.* at 5.

II.  Discussion

  A.  Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

2

should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff has made no reference to Defendant Myers in his recitation of the facts in his Complaint. *See generally* Compl. [Entry #1].  There are no factual allegations about anything that Myers did or did not do on the night that the detention center flooded.  *Id.* There are no allegations that Myers was notified, but failed to respond, and there are no allegations that Myers told any employee to do or not do anything in connection with the conditions at the detention center on July 24–25, 2011. *Id.* Thus, it appears that Plaintiff named Myers as the sole defendant based on Myers' role as "supervisor" at the detention center. However, the doctrine of *respondeat superior* or supervisory liability generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of her employees, absent an official policy or custom which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982).

Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S.

3

1035 (1985). Plaintiff has not put forth any evidence that Myers was personally responsible for the alleged condition that caused his injury. Further, Plaintiff has not shown that Myers was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of employees of the detention center. Thus, Plaintiff fails to show that Myers is liable on a theory of *respondeat superior* or supervisory liability. Therefore, because Plaintiff has not asserted any viable claims against Myers, it is recommended that the Complaint be dismissed.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 21, 2011                                   Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**